IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM TEDDER**                                              **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:16CV689 DPJ-LRA**

**STEVEN JULIAN**                                           **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

William Tedder filed a petition for writ of habeas corpus relief on September 6, 2016. Respondent Steven Julian has filed an Answer asserting that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted. As a thorough review of the record supports the Respondent's contention of untimeliness, the undersigned recommends that the petition be dismissed.

In July 2007, Tedder pled guilty in the Circuit Court of Madison, County, Mississippi to four counts of aggravated assault on a law-enforcement officer. On August 6, 2007, he was sentenced to a term of 30 years in the custody of the Mississippi Department of Corrections ("MDOC") on each count, with 3 years suspended, and 27 years to serve. The sentences were ordered to run concurrently to each other and consecutively to a related federal conviction, which Petitioner is currently serving at the Terre Haute Federal Correctional Institution in Terre Haute, Indiana. Seven years after entering his guilty plea, Tedder filed a motion for post-conviction relief on May 5, 2014, (signed April 23, 2014) alleging ineffective assistance of counsel, and violation of his

Fifth, Sixth, and Fourteenth Amendment rights. The motion was denied as untimely and alternatively for lack of merit on May 27, 2014. Aggrieved, Tedder appealed. On October 6, 2015, the Mississippi Court of Appeals affirmed the lower court's decision. *Tedder v. State*, 176 So.3d 122 (Miss Ct. App. 2015), *cert. denied*, 181 So.3d 1010 (Miss. 2016). The mandate of the court issued on October 27, 2015. Tedder failed to file a petition for rehearing, thereby forfeiting his right to seek further discretionary review. *See* M.R.A.P. 40(a) (providing that motion for rehearing must be filed with 14 days); *Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). Tedder subsequently filed a petition for certiorari, which was denied as improper by the Mississippi Supreme Court. *See* M.R.A.P. 17(b) (providing that a petition for a writ of certiorari must be filed within 14 days of ruling on motion for rehearing). The instant petition, signed March 10, 2016, was filed in this Court on September 6, 2016.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

1 ECF No. 8-1 – 8-6.

>been newly recognized by the Supreme Court and made
>retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or
>claims presented could have been discovered through the
>exercise of due diligence.
>
>(2) The time during which a properly filed application for State
>post-conviction or other collateral review with respect to the pertinent
>judgment or claim is pending shall not be counted toward any period of
>limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court.  Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence.  *See Sanders v. Cabana*, 2:04CV273 P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005).  Miss. Code Ann. § 99-

35-101 (Supp. 2009)[2] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Tedder entered his guilty plea before the effective date of the amendment. As such, he is credited with the 30-day period for direct appeal granted to petitioners who pled guilty prior to July 1, 2008. *Roberts*, 319 F.3d at 693, n.14. His conviction therefore became final on September 5, 2007, 30 days after he was sentenced by the trial court. To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before September 5, 2008. Because he did not file his motion for post-conviction relief until May 5, 2014, AEDPA's one-year statute of limitations ran uninterrupted from September 5, 2007, to September 5, 2008. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent statutory or equitable tolling,

---

[2]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

his federal habeas petition filed on September 6, 2016 (signed on March 10, 2016),[3] approximately eight years after the statute of limitations expired, is untimely.

Tedder does not contest that he failed to file the instant petition within the one-year statute of limitations, but maintains that equitable tolling is warranted because he was actively misled by counsel into believing that she had filed an appeal on his behalf. Tedder claims that after sentencing he instructed counsel to file an appeal, and from 2007 through 2012, she continuously indicated that his appeal was pending, at one point informing him that his transcripts had been requested. It was not until mid-2012, that Tedder claims he realized that counsel never filed an appeal. Accordingly, he argues that any delay in filing, specifically the period from "August 6, 2007 through May of 2012," should be attributed to counsel, not him.[4]

Equitable tolling may be appropriate if a petitioner is intentionally deceived by counsel into believing that a timely 28 U.S.C. § 2254 petition has been filed on his behalf. *Triplett v. King*, 250 F. App'x (5th Cir. 2007). It is not triggered by mere attorney error or neglect. *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Only if the petitioner demonstrates that he was intentionally deceived and "reasonably relied on his attorney's deceptive misrepresentations" will equitable tolling be warranted. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *see also United States v. Wynn*, 292

---

[3] The undersigned notes that there is an approximate sixth-month lapse between when Tedder signed his federal petition and its subsequent filing in this Court. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Even if Petitioner is credited with the earlier date, it is not enough to render the instant petition timely.

[4] ECF No. 9, p. 3.

5

F.3d 226 (5th Cir. 2002) (equitable tolling warranted where an attorney intentionally deceives his client into believing that a timely application has been filed on his behalf when it has not).

However, Petitioner's contention in this case is that he hired counsel to pursue a direct appeal, not post-conviction review. Thus, any misrepresentation or deception allegedly made by counsel regarding a direct appeal did not cause or contribute to the instant petition's untimeliness. Further, Tedder does not present any evidence to support his allegations. *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir.2002) (the petitioner bears the burden of proof on equitable tolling). Nothing of record indicates that he retained counsel to perfect an appeal, or corroborates his assertions that she requested transcripts. As noted by the Mississippi Court of Appeals, "his only evidence of this assertion is his own sworn affidavit and a certified-mail receipt with no indication of actual delivery." *Tedder*, 176 So.3d at 129. At any rate, Tedder was precluded from filing a direct appeal under state law because he entered a guilty plea.

Even if the Court were to accept Tedder's contention that counsel's alleged deceit impeded his ability to pursue habeas relief, he fails to show that he acted with the reasonable diligence required by *Holland*. By his own admission, he became aware that no appeal had been taken in mid-2012. Yet, he waited until April 2014 to file a motion for post-conviction relief in state court. He then waited another year after the Mississippi Court of Appeals affirmed the lower court's dismissal of his post-conviction motion in October 2015 before filing the instant petition. *See, e.g., Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001) (finding that petitioner who waited four months after state court

6

ruling to file federal habeas petition was not entitled to equitable tolling because he did not "expediently" file his habeas petition).

Nearly eight years have passed between the statute of limitations deadline and the filing of the instant petition. Tedder offers no persuasive explanation for his failure to file before now. None of AEDPA's other statutory exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition. The undersigned finds that Petitioner's habeas petition is time-barred by 28 U.S.C.§ 2244(d)(1)(A), and recommends it be dismissed with prejudice. Because the Court so finds, it need not reach the issue of procedural default.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December

1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted on May 26, 2017.

<u>    s/ Linda R. Anderson    </u><br>
UNITED STATES MAGISTRATE JUDGE