UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM TEDDER                                                                                    PETITIONER

V.                                                          CIVIL ACTION NO. 3:16-CV-689-DPJ-LRA

STEVEN JULIAN                                                                                 RESPONDENT

ORDER

This habeas case is before the Court on the Report and Recommendation [12] of United States Magistrate Judge Linda R. Anderson. Judge Anderson recommended that the petition be dismissed with prejudice as untimely. In his Objections, Petitioner William Tedder contends that his petition should be considered timely due to the application of equitable tolling. Objections [14] at 2. For the reasons that follow, Tedder's Objections are overruled, and the Court adopts the Report and Recommendation as its opinion.

In July 2007, "Tedder pleaded guilty in Madison County Circuit Court to four counts of aggravated assault on a law-enforcement officer and one count of felony evasion." *Tedder v. State*, 176 So. 3d 122, 124 (Miss. Ct. App. 2015). At his August 6, 2007 sentencing hearing, Tedder attempted to withdraw his guilty plea, but the circuit court refused the request to do so and sentenced him to 30-years' imprisonment.

In 2014, Tedder filed a motion for post-conviction relief in Madison County Circuit Court. That court denied the motion, Tedder appealed, and the Mississippi Court of Appeals affirmed on October 6, 2015. Tedder thereafter filed the instant petition for habeas relief, but the filing date is not clear. Under the mailbox rule, a pro se inmate's § 2254 petition is deemed "filed as soon as the pleadings have been deposited into the prison mail system." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). Here, Tedder signed the petition on March 10, 2016.

Pet. [1] at 15.  This reflects the earliest possible filing date and the one the Court will use.  That said, the record includes an envelope with a "RECEIVED" stamp from the correctional facility dated August 26, 2016, which seems like the more probable filing date.  Envelope [1-2] at 2.[1]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an inmate has one year from the date on which the judgment of conviction becomes final within which to file for federal habeas relief.  28 U.S.C. § 2244(d)(1).  But "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation."  *Id.* § 2244(d)(2).

In this case, Judge Anderson correctly concluded that Tedder's conviction became final no later than September 5, 2007, the deadline for Tedder to appeal his conviction under Mississippi law.  *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011).  Tedder pushes back on this conclusion, making the unsupported assertion that his conviction "never became final for AEDPA purpose[s]" because his attorney did not file an appeal as he directed.  Objections [14] at 4.  But "the finality of a state-court judgment is expressly defined by [the] statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'"  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (quoting 28 U.S.C. § 2244(d)(1)(A)).  When Tedder failed to file a direct appeal of his conviction within the time permitted under Mississippi law— on or before September 5, 2007—his conviction became final under AEDPA.  And because Tedder did not file a petition for post-conviction relief in state court on or before September 5, 2008, AEDPA's statute of limitations ran uninterrupted until it expired on September 5, 2008, unless it was equitably tolled.

---

[1] The August 2016 stamp is not one used by the clerk of this Court.  *Compare id.*, *with* Def's Resp. [9] at 6.

"Equitable tolling is permissible only in 'rare and exceptional circumstances.'" *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [Tedder] must establish that (1) he pursued habeas relief with 'reasonable diligence', and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)). Here, Tedder contends that rare and exceptional circumstances exist because his attorney falsely claimed that she was pursuing a state-court appeal. *See* Objections [14] at 4. He also says that he diligently pursued his pro se motion for post-conviction review and this federal petition. *Id.* at 8. Neither argument has merit.

According to Tedder, he learned in February 2012 that "no notice of appeal was taken." *Id.* at 4. That statement is doubtful, considering the fact that the University of Kansas School of Law's Project for Innocence wrote him in September 2010 denying his request for assistance and directing him to similar organizations. *See id.* at 11. Regardless, even using Tedder's February 2012 date, and assuming Tedder is correct that he has factually and legally established that his attorney's conduct presents exceptional circumstances, his claim is still untimely.

If the alleged attorney conduct tolled the limitations period from the date of sentencing until Tedder discovered the deception in February 2012, then the AEDPA statutory period closed February 2013, more than three years before his 2016 federal habeas petition. Tedder says, however, that his 2014 state petition for post-conviction relief was timely under Mississippi law, and thus somehow breathes life back into his time-barred habeas claims under § 2244(d)(2). Objections [14] at 6. It does not.

To begin with, the petition was not filed before the AEDPA statutory window closed, so even assuming it was otherwise properly filed, it would not toll anything. *See* 28 U.S.C. § 2244(d)(2). Regardless, tolling follows only a properly filed state-court petition. *Id.* And here, the Mississippi Court of Appeals concluded that Tedder's state-court petition was untimely. *Tedder*, 176 So. 3d at 129. The Supreme Court has made clear that a state-court post-conviction petition "rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 5 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)). Accordingly, the state-court petition would not have tolled the federal limitations period even if Tedder had filed it while the AEDPA statutory window remained open.

Finally, even assuming extraordinary circumstances, Tedder fails the second prong of the test—that he "diligently pursue[d] § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). As noted, Tedder may have known there were problems with his appeal as early as 2010 when he heard back from the University of Kansas School of Law. *See* Objections [14] at 11. At the latest, he knew this by February 2012. Yet Tedder waited two more years to file his state-court motion for post-conviction relief. This shows a lack of diligence. *See Singleton v. Cain*, No. 6:13-CV-2619, 2013 WL 6662525, at *4 (W.D. La. Dec. 17, 2013) (finding lack of diligence in two-year delay between denial of appeal and filing petition).

Tedder also fails to show that he "expediently file[d] his federal habeas petition." *Melancon*, 259 F.3d at 408. Given his uncertainty about the state-court proceedings, Tedder could have filed a "protective" petition in this Court to avoid the AEDPA one-year time bar. *Pace*, 544 U.S. at 416. Moreover, once the state rejected his motion for post-conviction relief on October 6, 2015, Tedder waited at least another five months—if not ten—before filing this federal habeas petition. Again, this delay shows a lack of diligence. *See Pace*, 544 U.S. at 419

4

(petitioner failed to act with "diligence" where he waited five months after finality of post-conviction relief proceedings to file a federal petition); *Aguirre v. United States*, No. EP-09-CR-1267-FM-2, 2015 WL 13375625, at *4 (W.D. Tex. Apr. 17, 2015) (finding one-to-two month delay reflected lack of diligence); *Love v. Cain*, No. 13-225-SDD, 2013 WL 6530799, at *5–6 (M.D. La. Dec. 12, 2013) (same for four-month delay).

Based on this record, Tedder has not shown that his petition was timely even if equitable tolling applies through February 2012, and he further fails to show the necessary diligence. The Report and Recommendation [12] of United States Magistrate Judge Linda R. Anderson is therefore adopted as the finding of this Court. Respondent's Motion to Dismiss [8] is granted, and this case is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 21st day of July, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

5